BENJAMIN B. WAGNER
United States Attorney
MEGAN A. S. RICHARDS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>MAYRA ALEJANDRA SORIA,<br>MATEO MANUEL SATIAGO,<br>ERIC ALBERTO HERRERA,<br>BRISA CELESTE CASTILLO, and<br>ELISEE TORRES-PACHECO,<br>　　　　　　　　Defendants | CASE NO. 1:13-CR-00219-LJO-SKO<br><br>STIPULATION AND ORDER BETWEEN THE UNITED STATES AND DEFENDANT ELISEE TORRES-PACHECO |

**STIPULATION**

WHEREAS, the discovery in this case is voluminous and contains a large amount of personal information including but not limited to Social Security numbers, dates of birth, financial account numbers, telephone numbers, and residential addresses ("Protected Information"); and

WHEREAS, the parties desire to avoid both the necessity of large scale redactions and the unauthorized disclosure or dissemination of Protected Information to anyone not a party to the court proceedings in this matter;

WHEREAS, the parties agree that entry of a stipulated protective order is appropriate.

THEREFORE, defendant ELISEE TORRES-PACHECO, by and through her counsel of record Robert Wilkinson ("Defense Counsel"), and plaintiff the United States of America, by and through its counsel of record, hereby agree and stipulate as follows:

1. This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, and its general supervisory authority.

2. This Order pertains to all discovery provided to or made available to Defense Counsel as part of the discovery in this case (hereafter, collectively known as the "discovery").

3. By signing this Stipulation and Protective Order, Defense Counsel agrees not to share any documents that contain Protected Information with anyone other than Defense Counsel, other attorneys in Defense Counsel's law firm, designated defense investigators, consultants and experts, and support staff. Defense Counsel may permit the defendant and witnesses to view unredacted documents in the presence of Defense Counsel, other attorneys in Defense Counsel's law firm, defense investigators, consultants and experts, and support staff. The parties agree that Defense Counsel, other attorneys in Defense Counsel's law firm, defense investigators, consultants and experts, and support staff shall not allow the defendant or witnesses to copy Protected Information contained in the discovery. The parties agree that Defense Counsel, other attorneys in Defense Counsel's law firm, defense investigators, consultants and experts, and support staff may provide the defendant and witnesses with copies of documents from which Protected Information has been redacted. However, Defense Counsel, other attorneys in Defense Counsel's law firm, defense investigators, consultants and experts, and support staff may provide copies of documents that solely contain the defendant's or a witness' own Protected Information to the defendant or that witness without redaction.

4. The discovery and information therein may be used only in connection with the litigation of this case and for no other purpose except to the extent that such information is independently and lawfully in the possession of the defendant, Defense Counsel, other attorneys in Defense Counsel's law firm, defense investigators, consultants and experts, and support staff. The discovery is now and will forever remain the property of the United States Government except to the extent that copies of the same documents produced in discovery are independently and lawfully in the possession of the defendant, Defense Counsel, other attorneys in Defense Counsel's law firm, defense investigators, consultants and experts, and support staff. Defense Counsel will return the discovery to the Government or certify that it has been destroyed at the

conclusion of the case.

5. Defense Counsel will store the discovery in a secure place and will use reasonable care to ensure that it is not disclosed to third persons in violation of this agreement.

6. Defense Counsel shall be responsible for advising the defendants, employees, other members of the defense team, and defense witnesses of the contents of this Stipulation and Order.

7. In the event that the defendant substitutes counsel, undersigned Defense Counsel agrees to withhold discovery from new counsel unless and until substituted counsel agrees also to be bound by this Order or the Court modifies this Order regarding such transfer of discovery.

8. The parties hereto may seek modification of this Order by stipulation.  If the parties are unable to agree to a modification of this Order, either party may seek modification of this Order from the court for good cause with appropriate notice to the other party.

IT IS SO STIPULATED.

Dated:  June 11, 2013                                BENJAMIN B. WAGNER
                                                     United States Attorney

                                                     /s/ Megan A. S. Richards
                                                     MEGAN A. S. RICHARDS
                                                     Assistant United States Attorney


Dated:  June 11, 2013                                /s/ Robert Wilkinson (authorized 6/11/13)
                                                     Counsel for Defendant
                                                     ELISEE TORRES-PACHECO


**ORDER**

IT IS SO ORDERED.

Dated:  **June 17, 2013**                            /s/ Lawrence J. O'Neill
                                                     UNITED STATES DISTRICT JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**STIPULATION AND [PROPOSED] ORDER BETWEEN THE UNITED STATES AND DEFENDANT ELISEE TORRES-PACHECO**   4